Filed 8/21/23  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C097496 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2200102) |
| v. | |
| ARRON JAMIEREJOE JACKSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Arron Jamierejoe Jackson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

Defendant met 18-year-old Z.M. online. After numerous conversations that included defendant telling Z.M. she was beautiful and expressing concern for her welfare, defendant told Z.M. "he could make her money. . . he would elevate her and . . . he wanted to sell her for sex and . . . he could provide for her." Z.M. agreed to meet defendant in person, and they met in Houston, Texas.

Initially, defendant told Z.M. she should not have to prostitute herself but would recruit other girls for him to prostitute. He said he would send Z.M. to cosmetology school. His demands changed, and eventually, he required Z.M. to earn $1,000 a day prostituting herself to numerous "clients." She worked for defendant in numerous cities throughout California and gave all the money she earned to defendant.

Eventually, defendant became violent with Z.M. Defendant would often punch her in the face when she refused to work; he punched her in the face and "beat her" when someone paid her with counterfeit money. In January 2022, she was raped by a group of men. Defendant picked her up and took Z.M. to the hospital because she had vaginal and anal tearing. They left before the assault could be reported to the police.

Z.M. went to her aunt's house and slept for a few hours. Defendant then demanded she wake up and meet a client. Z.M. refused. Defendant pulled her off the couch by her ankles, causing her head to hit the floor, then punched her repeatedly. He grabbed her by the hair and dragged her toward the door. Z.M. broke free, grabbed a knife, and cut defendant's face. Defendant offered to take her to the bus station so she could go home to Texas. While they were "driving around," Z.M. became afraid and called her mother and her sister. Defendant and Z.M. were soon stopped by local law enforcement.

The People charged defendant with human trafficking to commit another crime (Pen. Code, § 236.1, subd. (b); statutory section citations that follow are found in the

2

Penal Code unless otherwise stated), pimping (§ 266h, subd. (a)), pandering by procuring (§ 266i, subd. (a)(1)), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). The trial court appointed the public defender's office to represent defendant and defendant entered a plea of not guilty.

After arraignment, and without the assistance of counsel, defendant filed numerous motions with the trial court, including a motion for peremptory challenge, a motion to suppress evidence, and a motion to dismiss. Defendant then moved the court to appoint new counsel. After hearing from defendant, the court denied his motion to appoint new counsel. The court subsequently struck the remaining motions filed by defendant, noting counsel was appointed and "once counsel is appointed, the attorney has to file all the paperwork."

Defendant changed his plea; pleading no contest to pimping and agreeing to the low term of three years. The parties stipulated the preliminary hearing transcript would serve as the factual basis. Defendant waived the probation report and the trial court sentenced him consistent with the terms of his plea agreement. The court awarded him 476 days of custody credit, imposed mandatory fines and fees, and ordered the remaining charges dismissed. Defendant appeals without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

                            _____

                            HULL, J.

We concur:

_____

EARL, P. J.

_____

MESIWALA, J.

4